# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **CRUSADER ENERGY GROUP INC.**, *et al*, | § | Case No. 09-31797-bjh |
| | § | (Chapter 11) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| **J.A. COMPTON, TRUSTEE OF THE KRU LIQUIDATING TRUST** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. _____ |
| | § | |
| **TEXAS PIPE & SUPPLY COMPANY, LTD.** | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

J.A. Compton, as the Trustee of the KRU Liquidating Trust (the "Trustee"), files this Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 against Texas Pipe & Supply Company, Ltd. ("Defendant"), and alleges as follows:

## I.
## Introduction

1. This adversary proceeding against Defendant is brought under Fed. R. Bankr. P. 7001. By this adversary proceeding, the Trustee seeks to avoid and recover, pursuant to sections 547 and 550 of the Bankruptcy Code, preferential transfers that Crusader Energy Group Inc. ("Crusader") made to the Defendant.

## II.
## Jurisdiction and Venue

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A). Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 547 and 550 of the Bankruptcy Code.

## III.
## Parties

3. The Plaintiff is J.A. Compton, the Trustee for the KRU Liquidating Trust, which was formed and authorized by the Confirmed Plan (hereinafter defined) in the above-referenced Chapter 11 Bankruptcy Case of *Crusader Energy Group Inc., et al.*, Bankruptcy Case No. 09-31797 (the "Bankruptcy Case").

4. Defendant is Texas Pipe & Supply Company, Ltd., a Texas limited partnership. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by mailing a copy of the summons and complaint by certified mail return receipt requested to the attention of its registered agent, Jerry R. Rubenstein, at its registered office, 2330 Holmes Road, Houston, TX 77051.

## IV.
## Background

5. On March 30, 2009 (the "Petition Date"), Crusader, Crusader Energy Group, LLC, Hawk Energy Fund I, LLC, Knight Energy Group, LLC, Knight Energy Group II, LLC, Knight Energy Management, LLC, RCH Upland Acquisition, LLC and Crusader Management Corporation (collectively the "Debtors") filed voluntary petitions for relief in the United States Bankruptcy

Court for the Northern District of Texas under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

6. As of the time of the Debtors' bankruptcy filings, Debtors were engaged in the exploration for, and acquisition, production, and sale of, crude oil and natural gas. The Debtors leased numerous oil and gas properties, operated approximately 350 wells, and held working interests in more than 600 wells in various portions of Oklahoma, Texas, Colorado, Kansas, Montana, and North Dakota. Crusader had done business with Defendant. Specifically, Defendant agreed to provide equipment, goods, materials, and services to Crusader's various well operations.

7. On December 16, 2009, the Bankruptcy Court entered an Order Confirming the Second Amended Joint Plan of Reorganization (Docket No. 1138) (the Order Confirming the Second Amended Joint Plan for Reorganization is hereafter referred to as the "Confirmation Order" and the Second Amended Joint Plan for Reorganization, as amended, modified, and/or supplemented, is hereafter referred to as the "Confirmed Plan"). Pursuant to the Confirmed Plan, the Trustee is empowered to prosecute, litigate, and settle any causes of action arising against the Defendant under sections 547 and 550 of the Bankruptcy Code.

8. Consistent with his obligations under the Confirmed Plan and the related documents establishing the KRU Liquidating Trust, the Trustee has conducted a review of all transfers made by Crusader to creditors during the 90 days prior to the Petition Date, including certain Transfers (defined below) made to the Defendant. Subsequent to this review, on October 22, 2010, the Trustee sent a demand letter (the "Demand Letter," copy of which is attached, along with certified receipts, as **Exhibit A**) to the Defendant requesting: (i) the return of the Transfers as preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code; or (ii) that the

3

Defendant provide the Trustee with valid defenses to payment, including an explanation of such defenses and copies of supporting documentation (collectively, the "Preference Demands"). To date, the Defendant has neither: (i) returned the Transfers to the Trustee; or (ii) provided the Trustee with sufficient documentation to support a complete defense to preference liability.

## V.
## Count 1: Avoidance of Preferential Transfers – 11 U.S.C. § 547

9. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

**A. Each Transfer was made on or within 90 days before the Petition Date.**

10. On or within ninety (90) days prior to the Petition Date, that is, from December 30, 2008 through and including March 29, 2009 (the "Preference Period"), Crusader transferred, and/or caused to be transferred, property to the Defendant in the form of one or more payments of monies in the total amount of not less than Eighty-Five Thousand Three Hundred Thirty-Four and 81/100 ($85,334.81). Attached to **Exhibit A** and incorporated herein by reference is a list of Transfers presently known to the Trustee.

11. Specifically, the books and records of Crusader show that the following transfers were made to the Defendant within the Preference Period:

   a. On January 27, 2009, Crusader transferred $85,334.81 to Defendant by Check No. 7167. According to the books and records of Crusader, this transfer was made in payment of invoice no. 554438.

This payment is referred to as a "Transfer."

**B. The Transfer was a transfer of an interest of Crusader in Property.**

12. The Transfer was made from Crusader's bank account(s). Had the Transfer not occurred, the property constituting the Transfer would have been part of Crusader's bankruptcy estate at the Petition Date. Therefore, the Transfer constituted transfers of an interest of property of Crusader.

### C. The Transfer was made to or for the benefit of a creditor.

13. The Defendant was a creditor of Crusader because the Defendant had a right to payment for the equipment, goods, materials and services provided to Crusader and incurred expenses in the performance of such services that Crusader was obligated to pay. The Transfer was made, or caused to be made, to or for the benefit of the Defendant. Since the Defendant is a creditor, the Transfer was made to or for the benefit of a creditor.

### D. The Transfer was made for or on account of an antecedent debt owed by Crusader to Defendant.

14. The Transfer was made, or caused to be made, for or on account of an antecedent debt owed by Crusader to the Defendant. The Transfer was in satisfaction of or on account of invoices for equipment, goods, materials and services previously provided by the Defendant to Crusader and for which Crusader owed Defendant at the time the Transfer was made. Thus, the Transfer was made, or caused to be made, for or on account of an antecedent debt owed by Crusader to the Defendant.

### E. Crusader was insolvent at the time the Transfer was made.

15. During the ninety (90) days immediately preceding the Petition Date, Crusader was insolvent within the meaning of Section 101(32) of the Bankruptcy Code. Crusader's debts during the ninety (90) days immediately preceding Crusader's Petition Date far exceeded the fair value of their assets. In addition, the Summary of Schedules filed by Crusader lists debts far in excess of their assets. Furthermore, Crusader is presumed to have been insolvent during the Preference Period. *See* 11 U.S.C. § 547(f).

**F. The Transfer enabled Defendant to receive more than it would have received if the case were a case under Chapter 7, the Transfer had not been made, and Defendant received payment of such debt to the extent provided by the Bankruptcy Code.**

16. The Transfer fully satisfied numerous invoices for equipment, goods, materials and services that the Defendant provided to Crusader.

17. If the Transfer had not been made, the Defendant would have had an unsecured claim in the amount of the Transfer against Crusader.

18. In this case, the unsecured creditors, such as Defendant, did not receive a dividend equal to 100% of their allowed claims. In fact, under the Confirmed Plan, unsecured creditors will only receive 32.5% of their allowed claims. Under a hypothetical Chapter 7 case, the unsecured creditors would have received less than they are receiving under the Confirmed Plan. The Disclosure Statement for the Confirmed Plan stated that if the Debtors were liquidated under Chapter 7, the unsecured creditors would have received substantially less than they will under the Confirmed Plan. In all cases where unsecured creditors will not receive a dividend equal to 100% of their allowed claims, 11 U.S.C. § 547(b)(5) is satisfied.

19. Pursuant to section 547(b) of the Bankruptcy Code, the Trustee may avoid the Transfer.

## VI.
## Count 2: Recovery of Avoided Transfers – 11 U.S.C. § 550

20. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

21. Section 550 of the Bankruptcy Code allows the Trustee to recover, for the benefit of the estate, the property transferred and avoided under section 547 from the initial transferee of such transfer or the entity for whose benefit such transfer was made. *See* 11 U.S.C. § 550(a).

22. The Trustee is entitled to avoid the Transfer pursuant to section 547 of the Bankruptcy Code. The Defendant was the initial transferee of the Transfer and was the person for whose

benefits the Transfer was made. Accordingly, the Trustee is entitled to recover the Transfer in the amount of $85,334.81, plus costs and interest thereon to the date of payment.

## VII.
## Prayer

WHEREFORE, Trustee requests entry of judgment against the Defendant as follows:

i. Declaring the Transfer to be preferential under section 547 of the Bankruptcy Code;

ii. Avoiding and setting aside the Transfer under section 547(b) of the Bankruptcy Code;

iii. Awarding the Trustee judgment against the Defendant in the amount of the Transfer and directing the Defendant to immediately repay to Trustee such amount, pursuant to section 550 of the Bankruptcy Code;

iv. Awarding the Trustee pre-judgment interest from the date of the Transfer at the maximum rate permitted by law;

v. Awarding the Trustee post-judgment interest from the date of judgment until date paid at the maximum rate permitted by law;

vi. Awarding the Trustee its costs incurred in this action; and

vii. Granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**SNOW FOGEL SPENCE LLP**

By: /s/ Kenneth P. Green
     Kenneth P. Green
     State Bar No. 24036677
     Email: kennethgreen@snowfogel.com
     Aaron M. Guerrero
     State Bar No. 24050698
     Email: aaronguerrero@snowfogel.com
     J. Blake Hamm
     State Bar No. 24069869
     Email: blakehamm@snowfogel.com
2929 Allen Parkway, Suite 4100
Houston, TX 77019
(713) 335-4800
(713) 335-4848 (fax)

**ATTORNEYS FOR J. A. COMPTON, TRUSTEE FOR THE KRU LIQUIDATING TRUST**

I:\Client\COMJ1001-Crusader-General-Preference Actions\Adversary Proceedings\S-Y\Texas Pipe and Supply\Pleadings\Complaint - Texas Pipe & Supply Company, Ltd.docx

8